UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| HOWARD HOFFMAN, | ) Docket No. 2:15-cr-068-NT |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION TO DISMISS**

The Defendant asserts that the Indictment charging him with bank fraud, 18 U.S.C. § 1344, should be dismissed because it fails to identify any "material misrepresentations." In the alternative, the Defendant requests that the government provide him with a bill of particulars. The Government opposes the motion.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). To satisfy this requirement, an indictment need "do little more than to track the language of the statute charged," *United States v. Pirro*, 212 F .3d 86, 92 (2d Cir. 2000) (internal quotation marks omitted), provided the statutory language is " 'accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.' " *Hamling v. United States*, 418 U.S. 87, 117–18 (1974) (quoting *United States v. Hess*, 124 U.S. 483 (1888)); *see also United States v. Serino*, 835 F.2d 924, 929 (1st Cir. 1987).

The elements of bank fraud are that the defendant (1) engaged in a scheme or artifice to defraud, or make false statements or misrepresentations to obtain money from, (2) a federal or federally insured financial institution, and (3) must have done so knowingly. *United States v. Colon-Rodriguez*, 696 F.3d 102, 106 (1st Cir. 2012). Here, the Indictment tracks the language of 18 U.S.C. § 1344 and provides the dates, purpose, nature, and means used to further the scheme. That is, from about April 2008, and continuing to about May 2008, the Defendant gained access to R.M.'s bank account after R.M.'s death, changed the address on the account to his address in Richmond, Maine, and caused two checks, payable to a company the Defendant controlled, to be drawn on R.M.'s account.

The misrepresentation element of section 1344 is satisfied by the allegation that the Defendant caused two checks to be drawn on R.M.'s account after R.M's death by using R.M.'s identifying information to gain access to R.M.'s account. Although the Indictment does not explicitly provide how the Defendant caused the bank to issue the checks, it can be inferred from the Indictment that the Defendant had no authority over R.M.'s account and that he represented to Wachovia Bank that he was authorized to take the money in that account. An implicit representation of authority is sufficient under section 1344. *United States v. Ayewoh*, 627 F.3d 914, 922 (1st Cir. 2010) ("the misrepresentation element of § 1344 is fulfilled by any intentional act or statement by an individual that falsely indicates, explicitly or implicitly, that he has authority to withdraw money from a bank"). This Indictment satisfies the requirements of Rule 7(c)(1).

With respect to a bill of particulars, I note the following:

> Eclipsed by Rule 16 discovery requirements, motions for bills of particulars are seldom employed in modern federal practice. When bills of particulars are pursued, they need only be granted if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause. Whether to grant a motion for a bill of particulars is left to the sound discretion of the district judge, whose decision will be reversed only for abuse of discretion. In exercising its discretion, the trial court will often consider whether the defendant has demonstrated "actual prejudice" from the indictment's lack of specificity; namely, specific evidence or witnesses that the lack of particularization prevented him from obtaining. An indictment that specifies the law that the defendant allegedly violated and provides a temporal framework in which certain conduct is alleged to have occurred is sufficient; "open-file" discovery may obviate the need for greater specificity.

*United States v. Poulin*, 588 F. Supp. 2d 64, 67 (D. Me. 2008) (citations and internal quotation marks omitted); *see also United States v. Sepulveda*, 15 F.3d 1161, 1192–93 (1st Cir. 1993). Moreover, a defendant "is not entitled by way of a bill of particulars to obtain details revealing the precise manner in which the government alleges that he committed the crimes charged or the manner in which it will attempt to prove the charges." *United States v. Faucette*, No. 2:13–CR–79–DBH, 2013 WL 3458182, at *1 (D. Me. July 9, 2013) (citing *United States v. Nelson–Rodriguez*, 319 F.3d 12, 30–31 (1st Cir. 2003)). Here, the Indictment conforms with Federal Rule of Criminal Procedure 7(c), the facts of the case appear straightforward, and the government has provided ample discovery to defendant. In these circumstances, a bill of particulars is inappropriate.

3

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion to Dismiss and **DENIES** the request for a bill of particulars

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 21st day of October, 2015.